█ BENDALOU REALTY CORPORATION, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 40214.) — This is an appeal from an award of damages in an appropriation action which involves a Summer hotel located in the Catskill Mountains. The respondent appeals, contending that the amount awarded was inadequate. The court found the before value of the premises to be $450,000 and the after value $280,000 and made an award, including substantial consequential damages, in a lump sum of $170,000, all of which was within the range of the testimony. The property taken was approximately 7 acres of a 70-acre tract of land on which were located a hotel building, a number of other buildings, a regulation nine-hole golf course, a swimming pool, driveway, bridges and a water supply. In the appropriated property, the court determined that the water supply was completely taken; as to the golf course, all of hole No. 4, most of holes No. 3 and No. 5 and part of holes No. 6 and No. 7 and that for all practical purposes the taking ruined the entire golf course and, in place of the regulation course there remained what is commonly designated as a pitch and putt course. It was further found that the hotel catered to affluent clientele, that the loss of the golf course " could easily affect the class of vacationers that would patronize the resort ". There was testimony that the golf course had a before value of $90,000 — including the bridges separately appraised at $11,000 — and an after value of $3,800, resulting in damages of $86,200. A golf professional and greenskeeper, testifying on behalf of the claimant, stated the course to be worth $79,000. The witness for the State valued the course at $27,000 and found that it was 85% damaged, with a resulting after value of $4,050. In our opinion, the evidence amply sustains a finding that the golf course before the appropriation was worth $79,000, and accepting the 85% damage value as estimated by the State witness, an award in the amount of $67,150 is proper. To this should be added the $11,000 for the loss of the bridges, bringing the total amount of the golf course to $78,150 and we so find. It is uncontradicted in this record that there was no other land available on the premises of the clamiant which could be used or developed for a new regulation golf course. The water system taken in its entirety was valued on behalf of the claimant at $20,000 and by a State witness who had on some prior occasion drilled a well on the property at $9,762.68. The proof of both witnesses is somewhat speculative but we find sufficient fulcrum to determine that a value of $20,000 before the taking was justifiable and making allowances for depreciation, not considered by either witness, we determine that the damages to the water system amount to $14,000 and we so find. The total amount for these takings amount to $92,150. The State and claimant's witnesses agreed that as a result of the appropriation of the golf course and the water supply system, the remaining property of the claimant sustained substantial consequential damages. We are unable to determine from the finding of the Court of Claims the amount allowed for this item but from our review of the record, a finding of conse-

quential damages of the balance of the award is fair and proper and we so find. The total award is determined to be $170,000. There is no proof in this record to sustain any award by the utilization of the capitalization method but we perceive no basis for the State's contention that the Court of Claims employed that method. The lease offered in evidence was not for that purpose nor is there any proof to support such theory of damages. The lessee — the operating company — was no more than the alter ego of the lessor claimant owner. Judgment affirmed, with costs to claimant-respondent. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.